**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | Case No. 2:19-cr-199 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| JOHN LAGLE, : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter comes before this Court on Defendant John Lagle's *pro se* motion to modify his sentence as it pertains to the payment of the financial assessments imposed. (ECF No. 38). The Government opposes Defendant's motion. (ECF No. 39). For the reasons set forth below, this Court **DENIES** the motion.

**I.    BACKGROUND**

On September 9, 2019, Mr. Lagle pled guilty to one count of distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). On May 1, 2020, this Court sentenced Defendant to 120 months of incarceration and, among other things, required him to pay a lump sum of $6,100 in monetary assessments, due immediately. (ECF No. 33 at 6, 7). The Judgment further provided that, because a term of imprisonment was imposed, payment of the monetary penalties is due during the period of imprisonment. (*Id.* at 7). Defendant is currently serving his prison sentence at FMC Devens and has a projected release date of February 10, 2028. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 9, 2025).

1

On December 27, 2024, Mr. Lagle moved to modify the Judgment as it pertained to the monetary assessments. (ECF No. 38).  On January 24, 2025, the Government opposed the motion. (ECF No. 39).  This matter is now ripe for resolution.

## II.    LAW AND ANALYSIS

As a federal inmate, Defendant is subject to the provisions of the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. §§ 545.10-545.11, which seeks to "encourage 'each sentenced inmate to meet his or her legitimate financial obligations,'" and "allows for the development of a financial plan that allows inmates to pay enumerated obligations . . . while incarcerated." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (quoting *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 548 (9th Cir. 1999) (per curiam)); *see also* 28 C.F.R. §§ 545.10, 545.11 (2024) (describing the IFRP).

In his motion, Defendant asks this Court to modify the schedule of his assessment payments, noting that BOP officials are requiring him to pay more towards his assessment than he is able to earn each quarter.  (ECF No. 38 at 1).  Defendant further claims that, because he cannot pay the assigned amount, he has been designated as being in refusal of the IFRP, which has resulted in his monthly pay "being reduced from roughly sixty (60) dollars a month to five twenty-five ($5.25) a month," thus "mak[ing] paying [his] fines and fees much more difficult." (*Id.*).  The Government urges the denial of Defendant's request for two reasons. First, the Government notes that Defendant has "made no attempt to raise any complaint about his financial plan through the BOP's Administrative Remedy Program," as required by the Prison Litigation Reform Act (PLRA).  (ECF No. 39 at 2).  Second, the Government contends that Defendant has failed to establish any basis for modifying his payment schedule under the IFRP regulations. (*Id.*; *see also id.* at 5–6).

### A. Exhaustion of Administrative Remedies within the BOP

The PLRA "was intended to reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (internal citations and quotations omitted). In furtherance of these goals, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

To fulfill the PLRA's exhaustion requirement, inmates must file grievances through the Bureau of Prisons' four-step administrative remedy procedure. *See* 28 C.F.R. § 542, Subpart B ("Administrative Remedy Program"). In accordance with this procedure, an inmate can seek formal review of any aspect of his confinement by presenting the issue informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may then submit a formal written Administrative Remedy Request to the Warden, on a designated form, within 20 days of the event that triggered his complaint. 28 C.F.R. § 542.14. An inmate can contest a dissatisfactory response from the Warden by filing an appeal with the appropriate Regional Director of the BOP, within 20 calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). An inmate may in turn appeal an unsatisfactory decision from the Regional Director to the Office of General Counsel within 30 calendar days of the date the Regional Director signed the response. *Id*. No complaint raised through the administrative remedy process is considered fully exhausted until considered by the BOP's Office of General Counsel. 28 C.F.R. §§ 542.14-542.15; *see Blackburn v. Cauley*, No. 09-CV-9-HRW, 2009 WL 1119421, at *2-3 (E.D. Ky. April 27, 2009) (finding that the petitioner exhausted the available administrative remedies regarding his IFRP

3

payment schedule when the petitioner appealed to the Warden, the Regional Director of the BOP's Mid-Atlantic Regional Office, and the National Inmate Appeals Administrator).

Nothing in Defendant's motion suggests that he exhausted the remedies available to him through the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10–542.19. The Government further contends that "a review of BOP records shows that the defendant has failed to initiate—much less exhaust—administrative remedies regarding any matter while designated to FMC Devens." (ECF No. 39 at 4). In an exhibit attached to its response, the Government provides a print-out from BOP records showing that Defendant has submitted no requests for administrative remedies whatsoever. (ECF No. 39-1). Additionally, the Government submits that it spoke with Defendant's case manager at FMC Devens, who "knew nothing of the defendant's complaint about his financial plan until the government informed her of the letter the defendant sent to the Court." (ECF No. 39 at 4).

Because Defendant has not presented his grievances to the BOP and exhausted his administrative remedies prior to seeking relief in this Court, this Court must deny Defendant's motion. *See United States v. Wright*, No. 96-80876-3, 2010 WL 4639052, at *1 (E.D. Mich. Nov. 8, 2010) (denying a defendant's motion seeking to alter his restitution payment schedule due to failure to exhaust administrative remedies).

### B. Court's Authority to Modify Payment Schedule

Even if Defendant exhausted his administrative remedies, Defendant cites no legal support for the position that this Court has authority to alter the IFRP financial plans that the BOP sets for individual prisoners. Under 18 U.S.C. § 3572(d)(1), the court can order in a criminal judgment that a prisoner pay a criminal fine "immediately," "on a date certain[,] or in instalments." If the court orders that a fine be paid in installments, "the defendant [must] notify

4

the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3572(d)(3). Although a court has authority to adjust payment schedules of a criminal fine under § 3572(d)(3), it may do so only where the court, in the original judgment, ordered payment of the criminal fine "in installments." 18 U.S.C. § 3572(d)(3); *see also United States v. Brumfield*, 125 F. Supp. 3d 648, 650 (W.D. Mich. 2015) ("[Section] 3572(d)(3) . . . applies only when the court has imposed a payment schedule."). As one district court explained:

> Section 3572(d)(3) allows the court to amend payments schedules when the payment schedules were set at sentencing and the court continues to manage and control them. *By contrast, the provision does not apply where a criminal fine "is due immediately and in a lump sum." Brumfield*, 125 F. Supp. 3d at 650 (quoting *United States v. Wynn*, 328 F. App'x 826, 828 (3d Cir. 2009)).

*United States v. Austin*, No. 15-20609, 2021 WL 2935248, at *1 (E.D. Mich. July 13, 2021), *aff'd*, No. 21-2796, 2022 WL 3134462 (6th Cir. Apr. 28, 2022). Because the Judgment in Defendant's case did not create any sort of payment schedule, and instead ordered that his fine was "due immediately" in "[l]ump sum," (ECF No. 33 at 7), Defendant's payment of the fine is determined by the BOP, through the IFRP. *Austin*, 2021 WL 2935248, at *1.

When setting Defendant's IFRP payment requirements, the BOP has the professional capacity and responsibility to consider Defendant's financial circumstances, and his progress at "demonstrat[ing] ... responsible behavior" in prison. *See* 28 C.F.R. § 545.11(b), (c) (requiring that the BOP set payment amounts and perform regular IFRP progress reviews). Indeed, "the Bureau of Prisons is better suited to assess [Defendant's] financial position and determine an appropriate schedule for payment." *See United States v. Bivins*, Case No. 10-cr-20397, 2019 WL 11593066, at *1 (E.D. Mich. Feb. 1, 2019).

As the Sixth Circuit has noted, "there is a complete absence of any constitutional, statutory, or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004); se*e also United States v. Allen*, Case No. 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May. 25, 2021) ("[T]he Court lacks subject matter jurisdiction to direct the BOP to adjust Defendant's payments").

Because this Court did not set a payment schedule in the first place, this Court lacks authority to grant Defendant's requested relief with respect to the monetary assessments imposed.

### III.  CONCLUSION

For the reasons set forth above, Defendant's *pro se* motion to modify his sentence as it pertains to the payment of the financial assessments is **DENIED**.  (ECF No. 38).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 10, 2025**